R&T PROPERTIES, LLC *v.* Michael REYNA and
Brenda C. Reyna

CA 01-511                                          61 S.W.3d 229

Court of Appeals of Arkansas
Division IV
Opinion delivered December 5, 2001

*Charles P. Allen*, for appellant.

*L. Ashley Higgins, P.A.*, by: *L. Ashley Higgins*, for appellees.

KAREN R. BAKER, Judge. Appellant argues on appeal that the trial court erred in denying its request for the establishment of an easement by necessity in a particular roadway. We find no error and affirm.

Appellant owns farm land directly north of and adjacent to the appellees' property. The appellees' land is residential property, located in Sandraland Subdivision, and consists of two lots approximately 100 feet wide and 304 feet deep.

The parties have a common grantor. Prior to 1976, James H. Carter and Linda L. Carter owned the farmland now owned by the appellant and the subdivision land now owned by appellees. For many years, appellant rented the farm land from the Carters and used Connie Street and the roadway in question as ingress and egress to a 29.13 acre parcel which lies west of what is now Sandraland Subdivision.

The appellant rented the farm land north of Sandraland Subdivision and had ingress and egress to that land by means of Marilyn Street, which lies on the east side of Sandraland Subdivision. A substantial ditch separates the appellant's land north of Sandraland Subdivision from the 29.13 acre parcel west of the subdivision. To reach the 29.13 acre parcel, appellant travels south on Marilyn Street to Connie Street, goes west on Connie Street to the roadway in question, and then travels northwest on the roadway. There is no culvert between appellant's north parcel and its west parcel and the ditch prevents appellant from moving farm equipment directly.

In 1976, the Carters developed Sandraland Subdivision and dedicated it as such on February 6, 1976. They conveyed lots 16 and 17 to appellees on June 2, 1995. On April 26, 1996, the Carters conveyed to appellant the north farmland and the 29.13 acre parcel by one legal description. The legal description did not mention the drainage ditch which physically separated the two farm parcels.

Subsequent to the Carters' conveyance of the land to appellees, the appellees allowed the appellant to cross lot 16 in order for appellant to farm the 29.13 acre parcel. The dispute over this access arose after appellees heard that appellant intended to sell the 29.13 acre parcel to a sawmill company. Appellees then had a fence erected across the roadway to prohibit the appellant's continued use of the roadway for access.

The trial court found that under the facts of this case, appellant's use of the roadway would be only a convenience, not a necessity. We agree.

■■ The person who asserts an easement has the burden of proving the existence of the easement. *Riffle v. Worthen*, 327 Ark. 470, 939 S.W.2d 294 (1997) (citing *Kennedy v. Papp*, 294 Ark. 88, 741 S.W.2d 625 (1987)). To establish an easement of necessity, appellant had the burden of proving unity of title in the sense that the same person or entity once held title to both tracts, that the unity of title was severed by a conveyance of one of the tracts, and that the easement is necessary so that the owner of the dominant tenement may use his land, with the necessity existing both at the time of the severance of title and at the time the easement is exercised. *Powell v. Miller*, 30 Ark. App. 157, 785 S.W.2d 37 (1990) (citing *Burdess v. United States*, 553 F.Supp. 646 (E.D.1982)). The degree of necessity must be more than mere convenience. *Brandenburg v. Brooks*, 264 Ark. 939, 576 S.W.2d 196 (1979).

Here, the trial court found that appellant has an adequate alternate method of ingress and egress to the property. The only natural obstacle is a drainage ditch that, although the ditch is deep and wide, is not so deep and wide that a road culvert could not be installed. Such a culvert was installed under the Marilyn Street property which currently allows access to the north farm land. The court found that a culvert could be placed in the ditch at a location that would connect the appellant's north farmland with the other 29.13 acres. The court further found that the placement of a culvert was not a great burden on appellant, particularly when considering the detriment that appellees would suffer.

■ We hold that appellant failed to meet its burden that it was entitled to an easement by reasonable necessity. This is not a case where, as in *Brandenburg v. Brooks*, supra, the nature of the land's terrain made it impossible for grantees to access the property except by tractor, and grantees were entitled to a way of reasonable necessity across property owned by grantors.

■ Here, the only natural obstacle is a ditch which can be traversed by the installation of a culvert, a means already employed to access appellant's north farm land. Therefore, the chancellor did not err in finding that no reasonable necessity exists.

Accordingly, we affirm.

HART and VAUGHT, JJ., agree.