SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-1048

| | |
|---|---|
| LARRY EDGE and JULIUS EDGE<br>APPELLANTS<br><br>V.<br><br>GARRY B. SUTHERLAND and<br>BRENDA SUTHERLAND, Husband and<br>Wife, as Co-Trustees of the<br>SUTHERLAND REVOCABLE TRUST<br>DATED July 25, 2007; KURT PHILLIPS<br>and VIRGINIA PHILLIPS, Husband and<br>Wife; GARRY L. SUTHERLAND and<br>ANGELA SUTHERLAND, Husband and<br>Wife<br><br>APPELLEES | Opinion Delivered   MAY 6, 2015<br><br>APPEAL FROM THE CLEBURNE<br>COUNTY CIRCUIT COURT<br>[NO. CV-13-51-4]<br><br>HONORABLE TIM WEAVER,<br>JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellants Larry and Julius Edge ("Edge" or "Edges") appeal the order of the Cleburne County Circuit Court that rejected their request for an easement across the lands of appellees Garry Bryant and Brenda Sutherland, as co-trustees of the Sutherland Revocable Trust dated July 25, 1997 ("Sutherland Trust" or "Bryant Sutherland"); Kurt and Virginia Phillips ("Phillips"); and Garry Lynn and Angela Sutherland ("Lynn Sutherland"). The Edges acquired an existing dedicated roadway easement to access their property from the east, but they wanted to use a different, shorter route across these neighboring properties from the south, filing suit in April 2013. The complaint alleged four counts: Count I sought quiet title

as to the correct location of the Edge boundary lines; Count II and Count III sought an easement by implication or, alternatively, by necessity over all appellees' properties; and Count IV sought a prescriptive easement or ownership by adverse possession of a particular portion of land (a "gap" between the southern boundary of the Edge property and the three acres of Phillips property). After hearing evidence presented by appellants, appellees moved for directed verdict[1] on all counts alleged in the complaint, which the trial court granted. This appeal followed.

Appellants do not contest the dismissal of their complaint on Counts I and IV. Appellants argue that the trial court erred in granting a directed verdict and dismissing their complaint because an easement existed for the gravel drive across the Sutherland Trust and Lynn Sutherland properties and because they presented a prima facie case of easement by implication or necessity across all the intermediate lands. We hold that the trial court did not err in dismissing their complaint seeking an easement to cross all these properties. Appellants have not demonstrated trial court error. We therefore affirm.

The standard of review is well settled. This case was disposed by directed verdict at the close of the plaintiffs' case. In determining on appeal whether a directed verdict (or dismissal at a bench trial) was properly entered at the trial court level, we review the evidence in the light most favorable to the party against whom the verdict was sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Nicholson v. Simmons First Nat'l Corp.*, 312 Ark. 291, 849 S.W.2d 483 (1993). A motion for

---

[1]Because this was a bench trial, this was in actuality a motion to dismiss.

directed verdict or dismissal should be granted only if there is no substantial evidence to support a jury verdict. *Deck House, Inc. v. Link*, 98 Ark. App. 17, 249 S.W.3d 817 (2007). In making that determination, the trial court does not engage in fact finding or determine questions of credibility. Where the evidence is such that fair-minded persons might reach different conclusions, then a fact question is presented, and dismissal or directed verdict should be reversed. *Id.*

Appellants sought the judicial creation of an easement over land owned by three different persons or entities with the segments of the requested easements created by different judicial mechanisms. Over two segments, appellants requested an easement by implication or by necessity, over another segment an express easement by reservation in a prior deed (or by implication or necessity), and over another segment by easement by prescription (or implication or necessity). With each requested type of easement, the law requires different and distinct elements of proof.

An easement by implication arises where, during unity of title, a landowner imposes an apparently permanent and obvious servitude on part of his property in favor of another part and where, at the time of a later severance of ownership, the servitude is in use and is reasonably necessary for the enjoyment of that part of the property favored by the servitude. *Berry v. Moon*, 2011 Ark. App. 781, 387 S.W.3d 306. In order for such an easement to be established, it must appear not only that the easement is obvious and apparently permanent but also that it is reasonably necessary for the enjoyment of the property. *Id.* The term "necessary" in this context means that there could be no other reasonable mode of enjoying

3

the dominant tenement without the easement. *Id*. The necessity for the easement must have existed at the time of the severance. *Id*. Further, the apparently permanent nature of the easement must be in existence at the time of common ownership. *Id*.

An easement by necessity arises when there could be no other reasonable mode of enjoying the dominant tenement without the easement. *Horton v. Taylor*, 2012 Ark. App. 469, 422 S.W.3d 202. The possibility of another, although inconvenient, route to appellant's property precludes the establishment of an easement by necessity. *Id*. The degree of necessity, thus, must be more than mere convenience. *Id*. To establish an easement by necessity, a party must prove (1) that at one time one person held title to the tracts in question; (2) that unity of title was severed by conveyance of one of the tracts; and (3) that the easement is necessary in order for the owner of the dominant tenement to use his land, with the necessity existing both at the time of the severance of title and at the time the easement is exercised. *Id*. An easement by necessity terminates with the cessation of the necessity that brought it into being. *Sluyter v. Hale Fireworks P'ship*, 370 Ark. 511, 262 S.W.3d 154 (2007). The elements of easement by necessity or implication are very similar.

A prescriptive easement may be gained by one not in fee possession of the land by operation of law in a manner similar to adverse possession. *Owners Ass'n of Foxcroft Woods, Inc. v. Foxglen Assocs.*, 346 Ark. 354, 57 S.W.3d 187 (2001). Like adverse possession, prescriptive easements are not favored in the law, since they necessarily work corresponding losses or forfeitures in the rights of other persons. *Id*. In Arkansas, it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that one's

use has been adverse to the true owner and under a claim of right for the statutory period. *Id.* Our supreme court has said that the statutory period of seven years for adverse possession applies to prescriptive easements. *Id.* Overt activity on the part of the user is necessary to make it clear to the owner of the property that an adverse use and claim are being exerted. *Id.* Mere permissive use of an easement cannot ripen into an adverse claim without clear action, which places the owner on notice. *Id.* The plaintiff bears the burden to show by a preponderance of the evidence that there has been adverse, not permissive, use of the land in question. *Id; see also Manitowoc Remfg., Inc. v. Vocque*, 307 Ark. 271, 819 S.W.2d 275 (1991).

A detailed examination of the evidence presented at this bench trial is necessary to decide the issues on appeal. Julius Edge and his son Larry Edge purchased forty-five acres of rural land in March 2013 for the purpose of building a cabin on it and using the acreage for hunting. This land is in the east half of the northeast quarter of section 25, township 12 north, range 9 west, in Cleburne County, situated north of Wolf Bayou Road, a paved roadway. Although appellants had been granted another route from the eastern side of their property to access Wolf Bayou Road, they wanted to access their property from the south by crossing over property owned in varying tracts by appellees.

Appellee Bryant Sutherland has owned thirty-eight acres directly south of Edge for many years. Wolf Bayou Road runs adjacent to the southern boundary of Bryant Sutherland's tract. Squeezed in between the Edges' acreage and Bryant Sutherland's acreage is a three-acre rectangular tract owned by appellees Kurt and Virginia Phillips. Access to the Phillips acreage is gained from a gravel drive that commences off Wolf Bayou Road and runs generally

SLIP OPINION

northeast to the Phillips' three-acre tract. This access is referred to herein as the "gravel drive."

This gravel drive was built by Bryant Sutherland's predecessor in title decades ago. The gravel drive, however, crosses two different tracts of property. As the gravel drive begins off Wolf Bayou Road, the gravel drive is contained within the west half of the quarter, not the east half of the quarter. This segment that lies within the west half is referred to herein as the "southern portion" of the gravel drive. There is some evidence in the record that this southern portion of the gravel drive is on property owned by Lynn Sutherland. As this gravel drive continues northward, it crosses over to the east half of the quarter and lies within the tract owned by Bryant Sutherland. This segment that lies within the east half is referred to herein as the "northern portion" of the gravel drive.

Appellees collectively were unwilling to permit the Edges to cross their lands to connect to Wolf Bayou Road. As a result, the Edges acquired the aforementioned access from the east over a thirty-foot-wide existing old road easement that had been in existence for many years, running more than a mile to another point of connection to Wolf Bayou Road. It was not ideal for the Edges, as it was rough, hilly terrain that required twice crossing a creek. Their attorney contended that this was not reasonable access to the property. This was what led to the lawsuit seeking an easement to cross the neighboring properties from the south.

The relief requested by appellants was a combination of at least four, and perhaps, five different easements linked together from Wolf Bayou Road to gain access to the Edge property from the south, as follows:

1. An easement by necessity or implication over land owned by Lynn Sutherland over the southern portion of the gravel drive that lies within the west half of the quarter; then

2. An easement by necessity or implication over the northern portion of the gravel drive that is contained within the east half of the quarter, in the thirty-eight–acre tract owned by Bryant Sutherland; then

3. An easement by necessity or implication over land owned by Kurt Phillips from the point where the gravel drive enters the three-acre tract (approximately in the middle of the tract) over to and along an alleged express easement along the western boundary of the three-acre tract; then

4. An express easement over the western boundary of the three-acre tract owned by Kurt Phillips allegedly arising from a reservation of an easement in a deed between prior buyers and sellers of the three-acre tract; then

5. A prescriptive easement over a purported "gap" discovered by survey between the northern border of the Phillips property and the southern border of the Edge property (referred to hereinafter as "the gap").

These combined easements would complete the desired access route from Wolf Bayou Road to the Edge property from the south.

The trial court heard extensive testimony about the usage of the gravel drive and paths from the Phillips acreage toward the property that is now owned by the Edges. It also heard testimony from Edge about the alternative access from the eastern side of the Edge acreage, whether it was sufficiently passable, and why appellants wanted the shorter, easier route. The attorneys for Bryant Sutherland, Lynn Sutherland, and Phillips moved for directed verdict on all counts. The trial court found that appellants failed to present sufficient evidence to sustain the burden of proof for easements by necessity or implication on one or more elements and directed a verdict in favor of appellees.

7

In reviewing the record on appeal, even if we were to hold that there were sufficient facts and inferences to survive a motion to dismiss over the segments of the requested easements other than the gravel drive, which we do not decide, there is an absence of evidence in the record concerning the unity of title regarding the gravel drive. Without an easement to use the gravel drive, the Edges cannot reach Wolf Bayou Road. Our ultimate analysis centers on that segment.

Nowhere in appellants' complaint is there an allegation that a prescriptive easement was sought or that an express or dedicated easement already existed across the gravel drive. The only allegation regarding the gravel drive in the complaint was that an easement by implication or by necessity[2] should be granted. As stated, the ownership of the property over which the gravel drive exists is divided. The southern portion of the gravel drive is contained within the western half of the quarter, and the northern portion of the gravel drive is contained within the eastern half of the quarter. The first essential element of an easement by necessity or an easement by implication is unity of title. Appellants failed to introduce into evidence a warranty deed or any other type of deed concerning the ownership of the southern portion of the gravel drive, the dates of ownership, and whether there was at any time unity of title to the entirety of the gravel drive and unity of title with the forty-five-acre Edge property. Even giving appellants the benefit of any reasonable inference, the only evidence in the record concerning the ownership of the southern portion of the gravel drive was Bryant

_____

[2]The Edges' attorney argued to the trial judge in opposition to a directed verdict that "our easement by necessity is what comes across the Sutherlands. That lower portion. That gravel road."

Sutherland's testimony that his son Lynn Sutherland currently "owns the gravel driveway." Without this element of unity of title, an easement by necessity or implication fails. A failure of this aspect of the complaint rendered useless any further easement, as it negates the very remedy sought—this particular access route from Wolf Bayou Road to the Edge property.

We affirm.

KINARD and GLOVER, JJ., agree.

*Grayson & Grayson, P.A.*, by: *Keith L. Grayson* and *Melanie L. Grayson*, for appellants.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Blair Arnold;*
*Blair & Stroud*, by: *Robert D. Stroud* and *Barrett S. Moore*, for appellees.