Cite as 2021 Ark. App. 428

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-373

| | |
|---|---|
| GARRY B. SUTHERLAND, INDIVIDUALLY; AND GARRY B. SUTHERLAND AND BRENDA SUTHERLAND, HUSBAND AND WIFE, AS CO-TRUSTEES OF THE SUTHERLAND REVOCABLE TRUST DATED JULY 25, 2007<br><br>APPELLANTS<br><br>V.<br><br>LARRY EDGE; JULIUS EDGE; AND KURT PHILLIPS AND VIRGINIA PHILLIPS, HUSBAND AND WIFE<br><br>APPELLEES | **Opinion Delivered** November 3, 2021<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. 12CV-15-167]<br><br>HONORABLE HOLLY L. MEYER, JUDGE<br><br>REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

This lawsuit is about a dispute over the ownership of 1.68 acres of land (also referred to as the "gap" property) located in Cleburne County.[1] Appellants Garry B. Sutherland, individually (Garry Bryant); and Garry B. Sutherland and Brenda Sutherland, husband and wife, as co-trustees of the Sutherland Revocable Trust dated July 25, 2007 (collectively appellants or the Sutherlands), appeal from the Cleburne County Circuit Court's final order quieting title to the 1.68 acres in appellees Larry Edge and Julius Edge (collectively appellees

---

[1]This is not the first time these parties have been before us. In fact, as discussed in more detail below, this is the Edges' second attempt at acquiring the gap property. The first attempt failed and was affirmed on appeal. *Edge v. Sutherland*, 2015 Ark. App. 305, 462 S.W.3d 690 (*Edge I*).

or the Edges) and dismissing the Sutherlands' counterclaim for quiet title. On appeal, appellants argue that (1) the Edges' claim of title to the gap is barred by res judicata and collateral estoppel; (2) the Edges were barred from claiming title to the gap by judicial estoppel; (3) the circuit court erred because the doctrines of law of the case and stare decisis controlled claims of title to the gap; (4) the circuit court erred "when it did not comply with the rules of construction of the legal descriptions, including considering a surveyor's testimony concerning the alleged intent of the parties"; and (5) the circuit court erred in quieting title to the gap in the Edges because their claim is barred by estoppel by deed. We agree with appellants that the Edges' claim to title is barred by res judicata and therefore reverse and remand for any further proceedings consistent with this opinion.

## I. *The Previous Litigation—Edge I*

Much of the factual background concerning the gap property is set forth in *Edge I* and therefore need not be repeated herein. *See Edge I*, *supra*. In brief summary as it pertains to this litigation, Garry Bryant and Brenda Sutherland (Garry Bryant) owned a tract of property containing 48.34 acres more or less. On October 14, 1991, Garry Bryant and Brenda Sutherland, husband and wife, conveyed this same 48.34-acre tract to their son, Garry Lynn Sutherland (Garry Lynn). On October 19, 1992, Garry Lynn conveyed a northern portion of this 48.34-acre tract containing 45 acres more or less (the 45-acre tract) to Toby and Marjorie Phillips. The deed was prepared without a survey; instead, the legal descriptions were based on General Land Office plat maps from 1844 and 1899. The next year, on May 26, 1993, Garry Lynn conveyed a southern portion of the 48.34-acre tract containing 3 acres more or less (the 3-acre tract) to Toby and Marjorie Phillips. Similarly,

2

this deed was prepared without a survey and instead the legal descriptions were based on General Land Office plat maps from 1844 and 1899. A few years later, on October 17, 1997, Toby and Marjorie Phillips conveyed the same 3-acre tract to Dale and Debbie Reynolds (collectively the Reynoldses). This 3-acre tract was subsequently conveyed by the Reynoldses to the current owners, Kurt and Virginia Phillips (collectively the Phillipses) on August 3, 1999.[2] Toby Phillips subsequently passed away, and on February 28, 2013, Marjorie Phillips conveyed the 45-acre tract to the Edges by warranty deed. It is of note that the 2013 warranty deed from Marjorie Phillips to the Edges used the same legal description as set forth in the 1992 warranty deed wherein Toby and Marjorie obtained title from Garry Lynn. This legal description ultimately turned out to contain some irregularities as explained below.

The Edges purchased the 45-acre tract for hunting. Shortly after the Edges purchased the 45-acre tract, the Edges had it surveyed. This 2013 survey (the 2013 survey) revealed that the Edges' tract contained only 43.47 acres instead of 45 acres. In 2014, another survey was performed (the 2014 survey), and it revealed that there was a 1.68-acre gap between the Edges' tract to the north and the Phillipses' 3-acre tract to the south. Apparently, the gap was created because the previous deeds were based on old legal descriptions emanating from the General Land Office plat maps from 1844 and 1899 and the Cherokee Boundary Line of 1817. The conclusion of the 2014 survey was that there existed a 1.68-acre gap

---

[2]Kurt Phillips is the nephew of Toby and Marjorie Phillips.

3

between what is now the Edges' 45-acre tract[3] to the north and the Phillipses' 3-acre tract to the south. Ownership of this 1.68-acre gap property is the subject matter of both this litigation and the previous litigation referred to as *Edge I* herein.

When the Edges purchased the 45-acre tract from Marjorie Phillips, the Edges gained ingress and egress along a route generally to the east of the property owned by the Phillipses and the Sutherlands. Apparently, this route consisted of very rough terrain and required the Edges to cross at least two creeks. Accordingly, the Edges desired to obtain an easier, more direct route to their 45 acres.

That brings us to the previous litigation—*Edge I*. In *Edge I*, the Edges filed suit on April 17, 2013, against Garry Bryant and Brenda Sutherland, as co-trustees of the Sutherland Revocable Trust; the Phillipses; and Garry Lynn and his wife, Angela Sutherland. The purpose of this litigation was for the Edges to acquire access to their 45-acre tract through a combination of easements and ownership across the three tracts of property: one tract owned by the Phillipses, one tract owned by the Sutherlands, and the gap property. The *Edge I* complaint generally alleged that shortly after the Edges purchased the 45-acre tract, a 2013 survey revealed that there was a gap between the two properties as evidenced by the legal description contained in the conveyance of the 45-acre tract to the Edges by Marjorie Phillips and the legal description of the 3-acre tract owned by the Phillipses (the gap property).[4] To complete their acquisition of the newly requested route to their 45-acre

---

[3]While the 2003 survey determined that the Edges' property contained only 43.47 acres, we refer to the Edges' property herein as the "45-acre tract."

[4]The subsequent 2014 survey was completed on August 7, 2014, revealing more details and information.

4

tract, in addition to acquiring easements through the Phillipses' and the Sutherlands' properties, the Edges sought to acquire this gap property and asserted the following four counts in their complaint: Count I sought quiet title to the correct location of the Edge boundary lines; Count II and Count III sought an easement by implication or, alternatively, by necessity over all the defendants' properties; and Count IV sought a prescriptive easement or ownership by adverse possession of a particular portion of land between the southern boundary of the Edge property and the three acres of property belonging to the Phillipses. The following allegations made in the *Edge I* complaint are relevant to our disposition in this appeal:

> 5.      This is a real estate matter involving enforcement of an easement, *adverse possession* or a prescriptive easement, and determination of boundary lines of real property all of which is located in Cleburne County, Arkansas.

> 15.      Up until the time . . . [the property was surveyed in 2013], it was believed that the 45-acre Edge subject property adjoined the three (3) acre tract owned by the Phillips.

> 16.      However, upon the completion of the survey it was learned that there was a gap between the legal description of the 45-acre Edge subject property and the legal description of the 3 acre tract owned by the Phillips. . . .

> 17.      Upon information and belief, *the Trustees* [*Garry Bryant*] *claim ownership in the 'gap'* between the legal description of the 45-acre Edge subject property and the 3-acre Phillips tract.  The Edges' predecessors in title [Toby and Marjorie Phillips] have used the gap to access the subject property openly, obviously, adversely, and notoriously for in excess of the statutory period for prescriptive easements and/or *adverse possession*.

> . . . .

> 24.      *The Edges seek to quiet title* with respect to the property line adjoining the Trustees [Garry Bryant], the Sutherlands [Garry Lynn] and the Phillips [Kurt Phillips].

> . . . .

32.     The Edges' predecessor in title [Marjorie Phillips] used the "gap" . . . for access to the subject property [the 45 acres].

33.     The use of the gap was . . . adverse to all others for a time exceeding . . . adverse possession.

34.     Accordingly, the Edges request that the Court find that the "gap" is *theirs by adverse possession* . . . .

(Emphasis added.)

A trial was held on August 7, 2014. After hearing from several witnesses and the introduction of voluminous documentary evidence presented by the Edges, the Sutherlands moved for dismissal on all counts alleged in the complaint. The circuit court granted the motion to dismiss from the bench. The circuit court then filed its final order on August 29, 2014, making the following relevant findings:

1.     Count I of the Complaint of [the Edges] sought to quiet title against all of the Defendants as to the location of the boundary line between the [Edges] and all of the Defendants. Upon consideration of all of the evidence submitted by the [Edges] in regard to Count I of the Complaint, the Court finds that the [Edges] failed to meet their burden of proof on their suit to quiet title.

. . . .

4.     In Count IV of their Complaint, the [Edges] sought to establish a prescriptive easement or adverse possession against Garry B. Sutherland and Brenda Sutherland as Co-Trustees of the Sutherland Revocable Trust and against Defendants Kurt Phillips and Virginia Phillips. Upon consideration of all of the evidence adduced by the [Edges], the Court finds that the [Edges] failed to meet the burden of proof of the elements necessary to establish a prescriptive easement or easement by adverse possession against these Defendants.

The Edges appealed the circuit court's decision regarding Counts II and III, but the Edges did not appeal the dismissal of their complaint on Counts I and IV regarding quiet title and adverse possession, respectively. *Edge I, supra.* We affirmed the circuit court's

6

dismissal of the Edges' claims for an easement set forth in Counts II and III of their complaint, holding that the Edges had failed to present sufficient evidence to sustain the burden of proof on one or more elements for easements by necessity or implication across the Sutherlands' property. *Edge I, supra.* Accordingly, our mandate issued on May 27, 2015. In our opinion, we stated the following:

> The Edges acquired an existing dedicated roadway easement to access their property from the east, but they wanted to use a different, shorter route across these neighboring properties from the south, filing suit in April 2013. The complaint alleged four counts: Count I sought *quiet title as to the correct location of the Edge boundary lines*; Count II and Count III sought an easement by implication or, alternatively, by necessity over all appellees' properties; *and Count IV sought* a prescriptive easement or *ownership by adverse possession of a particular portion of land* (*a "gap" between the southern boundary of the Edge property and the three acres of Phillips property*). After hearing evidence presented by appellants, appellees moved for directed verdict on all counts alleged in the complaint, which the trial court granted. This appeal followed.
>
> Appellants do not contest the dismissal of their complaint on Counts I and IV.

*Edge I*, 2015 Ark. App. 305, at 1–2, 462 S.W.3d at 692 (emphasis added) (footnotes omitted).

Going back to the chronology of events surrounding the conclusion of the *Edge I* trial, on August 7, 2014, the circuit court orally ruled from the bench that it was dismissing the Edges' complaint, including Counts I and IV, which alleged quiet title and adverse possession, respectively. Apparently realizing that they had lost the claim for adverse possession to the gap property, five days later on August 12, 2014, the Edges had their predecessor in title, Marjorie Phillips, execute a quitclaim deed conveying the gap property to the Edges. Then, on August 29, 2014, the order memorializing the circuit court's

7

findings was filed. This intervening quitclaim deed was a substantial consideration that precipitated the current litigation, *Edge II*.

## II. *The Current Litigation—Edge II*

The current litigation began on September 23, 2015, when the Edges filed a second suit against the Sutherlands[5] and the Phillipses. The complaint asserted several causes of action: Count I is a claim to quiet title to the 1.68 acres in the Edges; Count II is a claim for conversion against Garry Bryant for removing fencing materials belonging to the Edges; Count III is a claim against Garry Bryant and Kurt Phillips for trespass for allowing cattle belonging to each of them to roam over the Edges' property; Count IV is a claim against Garry Bryant for verbal and physical assault for threatening the Edges; and Count V is a claim for injunctive relief against Garry Bryant and Kurt Phillips. More specifically, the complaint alleged the following pertinent allegations:

> 4. This lawsuit concerns matters of law and equity including, but not limited to, *quiet title*, temporary and permanent injunctive relief, conversion, trespass, and assault, all of which occurred in Cleburne County, Arkansas.
>
> . . . .
>
> 6. The Edges purchased 45 acres, more or less, . . . from Marjorie Phillips. . . .
>
> 7. A survey dated August 7, 2014 . . . depicts that the 1.68 was not conveyed to the Edges . . . .
>
> 8. On August 12, 2014, Marjorie Phillips conveyed the 1.68 acres to the Edges . . . [by the intervening quitclaim deed.]

---

[5]In this litigation, the Edges did not include Garry Lynn and Angela Sutherland as defendants. The complaint does include Garry Bryant and Brenda Sutherland, husband and wife, as trustees of the Sutherland Revocable Trust; and Kurt and Virginia Phillips.

8

9. Upon information and belief, Marjorie Phillips . . . paid taxes on the 1.68 acres from 1992 through 2012, and held uncontested legal and equitable title to same.

10. There was a previous lawsuit between the parties . . . that was tried before this court and alleged in relevant part that the Edges' predecessor in title [Marjorie Phillips] used the "gap" [property] . . . . *The Court found that the Edges had not proven ownership of the gap by adverse possession.*

. . . .

18. The Edges seek to quiet title with respect to the 1.68 acres for which they hold legal title through their predecessor in interest Marjorie Phillips.

. . . .

[The Edges] pray that the Court quiet title in them for the 1.68 acres.

(Emphasis added.)

On October 21, 2015, the Sutherlands and the Phillipses answered and asserted that Counts I, II, III, and V of the Edges' claims were barred by res judicata, collateral estoppel, judicial estoppel, stare decisis, and law of the case. They further asserted that Marjorie Phillips never owned the 1.68-acre tract and that Marjorie Phillips was estopped by her deed to the Reynoldses. As such, the Sutherlands and the Phillipses prayed that the Edges' complaint be dismissed.

On March 25, 2016, the Sutherlands and the Phillipses moved for partial summary judgment, asserting that the Edges' claims for quiet title to the gap, conversion, trespass, and injunctive relief[6] were barred by res judicata, collateral estoppel, stare decisis, and law of the

---

[6]These were Counts I, II, III, and V of the Edges' complaint. The only count that did not rest on whether the Edges owned the 1.68–acre tract was Count IV claiming verbal and physical assault.

case based on the prior litigation in *Edge I*. The circuit court filed an order denying the motion for partial summary judgment on September 26, 2016, finding that there were questions of fact remaining. The court did not otherwise explain its decision.

Thereafter, on May 26, 2017, the Sutherlands and the Phillipses filed a counterclaim wherein they asserted that they had recently exchanged quitclaim deeds to the gap property and therefore, that the Sutherlands claimed ownership of the gap property. As such, the Sutherlands requested quiet title to the 1.68-acre gap property, and the Phillipses requested quiet title to their 3-acre tract.

After multiple pleadings were filed by the parties, a bench trial was held on July 26–27, 2017, and the circuit court heard testimony from several witnesses. Because we agree with appellants that the circuit court erred in finding that res judicata was inapplicable, a detailed discussion of the testimony at trial is unnecessary.

After trial, each party submitted trial briefs and proposed findings of fact and conclusions of law. On December 31, 2018,[7] the circuit court filed an order stating its findings of fact and conclusions of law, adopting the findings submitted by the Edges. The circuit court found that Garry Bryant and Brenda Sutherland conveyed all 48 acres to their son Garry Lynn and retained no interest in the tract, which included the 1.68-acre gap. The circuit court also found that the gap was created when Garry Lynn conveyed 45 of the 48 acres to Toby and Marjorie Phillips without the benefit of a survey and that the 45 acres contained the gap at issue. The circuit court found that this deed vested color of title to the

---

[7]There is no explanation as to why an order was not filed in this case until over a year after trial.

gap property in Marjorie Phillips. The circuit court also found that Marjorie Phillips had paid the taxes on the 45 acres, including the gap property, from 1992 until she conveyed the property to the Edges and that the Edges had paid the taxes since 2013. The circuit court further found that the Sutherlands did not have color of title to the gap property, had not possessed the gap property since their conveyance to their son, nor had they met the elements of adverse possession. The circuit court quieted title to the gap in the Edges, awarded damages for the intentional removal of the Edges' personal property, enjoined all parties from verbally or physically threatening another party, and dismissed the Edges' claim of assault. Last, the circuit court found in favor of Kurt and Virginia Phillips on their request to quiet title to their 3-acre tract as specifically pleaded in their counterclaim.[8]

On January 29, 2019, the circuit court entered its final order. The order adopted and incorporated the earlier findings of fact and conclusions of law. Additionally, the circuit court found the following:

1. That the Court has jurisdiction over the parties and subject matter of this case.

2. The exchange of Quitclaim Deeds between Defendants and Kurt Phillips are invalid because they were an attempt to show color of title.

3. Plaintiffs are granted quiet title (Count I of the Complaint) to the following lands [including the 1.68-acre tract] lying in Cleburne County, Arkansas: . . .

4. Judgment is entered against Garry B. Sutherland (misspelled in the Findings of Facts and Conclusions of Law) in favor of Plaintiffs, Larry Edge and Julius Edge, in the amount of $98.94 with interest accruing from the date of this order until

---

[8]On the same date, the circuit court filed two other orders addressing other pleadings that had been filed. The findings in these orders are not relevant to our disposition of this appeal.

11

paid at the rate of 10% per annum, as to the count on Conversion (Count II of the Complaint).

5.     The parties are hereby permanently enjoined from verbally or physically threatening each other, from removing fencing from any of a party's property, from trespassing upon the property of the other, directly or indirectly (by running cattle or any other intrusion), and from harassing each other.  Therefore, Counts III for Trespass and Count V in the Complaint are concluded with this remedy.

6.     Plaintiffs' claim in Count IV of the Complaint for Assault is dismissed with prejudice.

7.     Separate Defendants Kurt and Virginia Phillips' title is quieted in and to the following described parcel [the 3.05 acres] and the reference in previous deeds to a 30′ road easement is hereby declared invalid as to same:  . . .

8.     This Court dismisses Separate Defendant Sutherland Trust's Counterclaim as to its ownership in the 1.68 acres, and Sutherland Trust's Counterclaim is dismissed with prejudice.

9.     This Court has previously denied Defendants' Motions for Summary Judgment on Defendants' affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and stare decisis as set out in its Order of September 26, 2016, and the Court hereby incorporates by reference this Court's ruling and statements made from the bench.  This Court also denied Defendants' Motion for Reconsideration of that ruling and hereby adopts the ruling and statements from the bench which are incorporated herein.

10.     This Court retains control of this cause for such orders as may be necessary to enforce and protect the rights of the parties as well as any who may subsequently become parties hereto by proper proceedings.

11.     This Order is entered pursuant to Ark. R. Civ. P. 58.  This Order is final for the purposes of appeal and concludes this matter.

The Sutherlands filed this appeal thereafter.

### III.  *Standard of Review*

We review quiet-title actions de novo on the record and will not reverse a finding

of fact by the circuit court unless it is clearly erroneous.  *Morrison v. Carruth*, 2015 Ark. App.

12

224, 459 S.W.3d 317. In reviewing a circuit court's findings of fact, we give due deference to the circuit court's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Id.*

## IV. *Res Judicata*

Because appellants' arguments regarding res judicata are determinative, we start with this point on appeal. The concept of res judicata has two facets, one being claim preclusion and the other issue preclusion. *Muccio v. Hunt*, 2014 Ark. 35; *Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269. The claim-preclusion aspect of res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Baptist Health*, *supra*. Res judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated. *Id.* Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* The purpose of the res judicata doctrine is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, 541 S.W.3d 415. The key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Winrock Grass Farm, Inc. v. Affiliated Real Est. Appraisers of Ark., Inc.*, 2010 Ark.

13

App. 279, 373 S.W.3d 907. Res judicata is based on the assumption that a litigant has already had his day in court. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003).

Here, we agree with appellants that each of the five elements was met. As set out above in our comparison of the two complaints, *Edge II* involved the same parties,[9] same subject matter, and same causes of action as *Edge I*—quiet title and adverse possession to the gap property. In *Edge I*, the Edges claimed in paragraph 17 of their complaint that their predecessors in title, Toby and Marjorie Phillips, "have used the gap to access the subject property openly, obviously, adversely, and notoriously for in excess of the statutory period for prescriptive easements and */or adverse possession*." (Emphasis added.) Clearly, the Edges claimed ownership of the gap property through their predecessor in interest, Marjorie Phillips, by adverse possession. Now, in *Edge II*, the Edges admit that the deed from their predecessor in title, Marjorie Phillips, did not include the gap property but allege that Marjorie Phillips paid taxes on the gap property and that they hold legal title through their predecessor in interest, Marjorie Phillips. Again, it is clear that the Edges claim ownership of the gap property from their predecessor in interest, Marjorie Phillips, by adverse possession. The only significant, relevant difference between *Edge I* and *Edge II* is that the Edges now base their adverse-possession claim against Marjorie Phillips partially on the intervening quitclaim deed conveyed by her to the Edges that was obtained after the circuit court ruled from the bench that the Edges had failed to prove adverse possession in *Edge I*. Our appellate courts have held that where a case is based on the same events as the subject

_____

[9]As previously observed, the *Edge II* complaint did not include Garry Lynn and Angela Sutherland. However, this difference does not affect our opinion.

14

matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Baptist Health*, *supra*; *Cox*, *supra*. The key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Winrock Grass Farm, Inc.*, *supra*. Res judicata is based on the assumption that a litigant has already had his day in court. *Cox*, *supra*. Here, we hold that the Edges had their day in court and had a full and fair opportunity to litigate the issue of the ownership of the gap property in *Edge I* and lost. The parties fully litigated those same causes of action in *Edge I*, and the circuit court previously dismissed those causes of action on the basis of its ruling that the Edges had failed to meet their burden of proof. Moreover, the Edges failed to contest the circuit court's decision on those causes of action on appeal. Now, the Edges are attempting to get the proverbial second bite at the apple, which is precisely what the doctrine of res judicata is meant to prevent. Thus, we agree that the claim of title by the Edges to the gap property as alleged in the *Edge II* complaint was barred by res judicata.

V. *Conclusion*

Because we agree with appellants that the claim of title by the Edges to the gap property was barred by res judicata, it is unnecessary for us to address appellants' alternative theories for reversal. As such, we reverse the circuit court's order quieting title to the 1.68-acre gap property in the Edges and remand for any further proceedings consistent with this opinion.

Reversed and remanded.

WHITEAKER and BROWN, JJ., agree.

15

*McMullan & Brown*, by: *Amy Clemmons Brown* and *Marian Major McMullan*, for appellants.

*Grayson & Grayson, P.A.*, by: *Keith L. Grayson* and *Melanie L. Grayson*, for separate appellees Larry Edge and Julius Edge.